Case 4:15-cv-03473   Document 16   Filed in TXSD on 01/22/16   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 22, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD ALAN HAASE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-3473 |
| | § | |
| BRADY ELLIOTT, FORT BEND COUNTY, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM, RECOMMENDATION & ORDER

Pending before the court[1] are Plaintiff Richard Alan Haase's Motions for Leave to Proceed In Forma Pauperis (Docs. 3, 5, 6, and 11). Plaintiff's motions to proceed as a pauper are **GRANTED**.

However, under 28 U.S.C. Section 1915(e)(2)(B), "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted." For the reasons set forth below, the court therefore **RECOMMENDS** that Plaintiff's suit be **DISMISSED** as frivolous.

### I. Plaintiff's Claims

Plaintiff, proceeding pro se, filed suit against a Texas district judge, Fort Bend County, an Assistant Fort Bend County Attorney, a Harris County constable, several attorneys, and the

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 9.

defendants in a previous suit, alleging violations of 42 U.S.C. § 1983 ("Section 1983"), a fraudulent lien claim against property, fraud, "abuse of process" under Texas law, and "exploitation of the judicial process" under federal law.  In a 309-page complaint, Plaintiff detailed his suit in Fort Bend District Court against Defendant Santander Consumer U.S.A., Inc., ("Santander") and his settlement of a separate case involving his vehicle.[2]  After losing a jury verdict that awarded counter-defendant Santander nearly six figures in attorneys' fees, Plaintiff appealed the outcome to the Fourteenth Court of Appeals, where his motion to proceed as indigent was denied.[3]

Plaintiff then contested the appeals court's decision to the Texas Supreme Court.[4]  Plaintiff avers that although the Texas Supreme Court waived its filing fee, the court refused Plaintiff's writ of mandamus on November 7, 2014.[5]  On November 13, 2014, the appeals court entered a judgment dismissing Plaintiff's appeal.[6] After the appeal was dismissed, Defendant Santander was granted a writ of execution and attempted to obtain intellectual property owned by ClearValue Technologies, Inc., ("ClearValue") a

---

[2]     See Doc. 1, Pl.'s Compl. pp. 3-10.

[3]     See id. pp. 5-6.

[4]     See id. p. 6.

[5]     See id.

[6]     See id.

2

corporation owned by Plaintiff.[7]  ClearValue contested this seizure via letter signed by Plaintiff.[8]

On June 23, 2015, Plaintiff filed suit in the Eastern District of Texas, requesting to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915.[9]  On November 27, 2015, the case was transferred to this court.[10]

## II.  Legal Standard

A district court may dismiss a complaint filed IFP if the action "is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i). An action is "frivolous" if it lacks an arguable basis in either law or fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Henson-El v. Rogers</u>, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235 (1991).  A complaint is without an arguable basis in law if it is based on an untenable or discredited legal theory.  <u>Neitzke</u>, 490 U.S. at 326.  A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'"  <u>Harris v. Hegmann</u>, 198 F.3d 153, 156 (5th Cir. 1999); <u>see also</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992).

The court uses the same standard for dismissal as Federal Rule

---

[7]   <u>See</u> <u>id.</u>

[8]   <u>See</u> Doc. 1, Ex. 13 to Pl.'s Compl., Letter from ClearValue dated May 13, 2015.

[9]   <u>See</u> Doc. 1, Pl.'s Compl.

[10]  <u>See</u> Doc. 8, Case Transfer & Order to Transfer dated Oct. 20, 2015.

of Civil Procedure ("Rule") 12(b)(6) to determine whether a plaintiff has stated a claim for relief.

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. 678.

"A document filed pro se is 'to be liberally construed,' . . . and 'a pro se complaint, however inartfully pleaded, must be held

to less stringent standards than formal pleadings drafted by lawyers.'"  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### III.  Analysis

The court has reviewed the entirety of Plaintiff's pleadings and finds that it lacks jurisdiction to hear any of Plaintiff's claims under the Rooker-Feldman doctrine.

Under the Rooker-Feldman doctrine, an individual may not file a civil rights suit in federal court to collaterally attack a state civil judgment.  See Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir. 1994) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)).  The Rooker-Feldman doctrine establishes that a federal court lacks subject matter when issues in federal court are "inextricably intertwined" with a final state court judgment.  Davis v. Bayless, 70 F.3d 367, 375 (5th Cir. 1995).  The Supreme Court has cautioned that the doctrine is to be narrowly confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Here, Plaintiff's claims are based on the acts of various state court attorneys, judges, law enforcement officers, etc., related to Plaintiff's state court litigation.  Any review of state court decisions must be left to the appropriate state court. Liedtke, 18 F.3d at 317.  The Rooker-Feldman doctrine therefore

divests this court of subject-matter jurisdiction to hear Plaintiff's claims.

Because Plaintiff's claims are without an arguable basis in law, the court finds they are legally frivolous. The court therefore **RECOMMENDS** that Plaintiff's claims be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(i).

### III. Conclusion

Based on the foregoing, the court **GRANTS** Plaintiff's Motions to Proceed IFP and **RECOMMENDS** that his complaint be **DISMISSED** as frivolous.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 22nd day of January, 2016.

_____
U.S. MAGISTRATE JUDGE